UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| KATHLEEN LANIER HOSFORD | CIVIL ACTION |
|---|---|
| VERSUS | NO. 10-1119 |
| ENCOMPASS INSURANCE CO., ET AL. | SECTION "L" (2) |

## ORDER & REASONS

Currently pending before this Court is Plaintiff's Motion to Remand (Rec. Doc. No. 6). Oral argument was heard on this matter on August 11, 2010 and the Court DENIED the motion with written reasons to follow. For the following reasons, the motion is hereby DENIED.

## I. BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff Kathleen Lanier Hosford's property located at 1229 State St. in New Orleans, Louisiana, which suffered damage as a result of an accidental fire. The Defendants in this case are Encompass Insurance Company ("Encompass"), the plaintiff's insurance carrier, and Supreme Commercial Contracting, LLC ("Supreme"), the contractor that has performed clean up work on Plaintiff's property and has submitted an estimate to do future repair work on the property.

Plaintiff filed suit in Civil District Court, Orleans Parish, State of Louisiana on March 16, 2010, seeking damages against Encompass for allegedly failing to pay insurance proceeds due under the policy and seeking a declaratory judgment against Supreme regarding the reasonableness of its fees for the initial cleanup and the reasonableness of an estimate for future repairs. Encompass removed the matter to this Court on April 15, 2010 on the basis of diversity jurisdiction. Plaintiff filed a motion to remand on May 14, 2010.

1

## II. THE MOTION

Plaintiff seeks remand arguing that Supreme is a properly named defendant and Supreme defeats diversity jurisdiction. In response, Encompass alleges that Supreme was improperly joined in this case. Encompass argues that no justiciable controversy exists between Plaintiff and Supreme. Plaintiff hired Supreme to do clean up and remediation on her home following the fire. Supreme did the work and Plaintiff paid Supreme in full. Further, Plaintiff submitted the claim to Encompass and Encompass reimbursed Plaintiff. Now, Supreme has provided Plaintiff with an estimate for future repair work on the home. Plaintiff in turn provided Encompass with an estimate. Encompass obtained a different estimate from a different contractor. Now, Plaintiff seeks a declaratory judgment from Supreme that the fees she previously paid for clean up and remediation are reasonable and that the estimate from Supreme to do repair work is reasonable.

There is no controversy between Plaintiff and Supreme as to payment for past services. Plaintiff has already paid Supreme for their services. As to future services, there is no current obligation. Plaintiff merely has an estimate which is not binding on any party. Further, Encompass contends that Plaintiff and Supreme have an identical interest for the fees paid to be declared reasonable. Therefore, Encompass argues that if a party at all, Supreme should be treated as a Plaintiff. Ultimately, Encompass alleges that Supreme was improperly joined solely to prevent removal of this case to federal court pursuant to diversity jurisdiction.

## III. LAW AND ANALYSIS

The federal removal statute, 28 U.S.C. §1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original

jurisdiction." Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties. All suits are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b).

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was proper. *Jeringan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Typically, the removal statute is to be construed narrowly and in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). The Fifth Circuit has recognized two ways in which the removing defendant may demonstrate that the resident defendant was improperly or fraudulently joined: 1) actual fraud in the pleading of jurisdictional facts; or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). The Plaintiff relies on the latter.

Joinder is improper if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The district court generally conducts a Rule 12(b)(6)-type analysis to determine whether the plaintiff has stated a cause of action against the in-state defendant. *Id.* Generally, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. In rare cases involving defective allegations in pleadings, a district court may pierce the pleadings and conduct a summary-judgment type inquiry. *Id.*

Here, Plaintiff argues that joinder is proper because Plaintiff has a valid declaratory judgment action against Supreme. Under Louisiana Code of Civil Procedure Art. 1871, in a

declaratory judgment, courts "may declare rights, status, and other legal relations whether or not further relief is or could be claimed." Declaratory judgements are limited to cases where a present, justiciable controversy exists so that courts do not render advisory opinions. *Hainkel v. Henry*, 313 So.2d 577, 578 (La. 1975).

No controversy exists between Plaintiff and Supreme and thus a declaratory judgment action is inappropriate. Plaintiff has already paid Supreme for its prior clean up and remediation services in full. Further, Plaintiff has been reimbursed by Encompass for those expenses. Supreme has no reason to bring a lawsuit against Plaintiff considering Supreme has already received its payment, and Plaintiff has no reason to dispute Supreme's fees since Plaintiff paid them in full and was reimbursed by her insurer. The outstanding estimate for future repair work on Plaintiff's home is simply an estimate. It is not a binding contract on Plaintiff, Encompass or Supreme. Plaintiff has no cause of action against Supreme for rendering too high of an estimate and Supreme cannot force Plaintiff to accept the estimate. Plaintiff has not signed a contract with Supreme to pay for the repairs and Supreme has not begun to make any repairs. Thus, if a jury in this matter determines that the reasonable cost of repairs is lower than Supreme's estimate, Plaintiff will simply have to find another contractor or pay out of pocket the difference in cost. There is no chance of inconsistent verdicts because Plaintiff has no cause of action against Supreme and Supreme has no cause of action against Plaintiff. The Court finds Supreme is not a necessary and indispensable party to this litigation. Thus, diversity jurisdiction exists and Plaintiff's motion to remand should be denied. Further, defendant Supreme is dismissed

from the case.[1]

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to remand is hereby DENIED (Rec. Doc. No. 6). Supreme Commercial Contracting, LLC is hereby dismissed as a party in this matter.

New Orleans, Louisiana, this 20th day of August, 2010.

UNITED STATES DISTRICT JUDGE

---

[1] While Plaintiff believes this Court's opinion in *Windhorst v. State Farm Fire & Cas. Co.*, 2008 WL 170054 (Jan. 16, 2008), to be dispositive in Plaintiff's favor, the Court finds the case factually distinguishable. To the extent that the two cases are in conflict, this opinion supercedes.